IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Case No. 05-cv-00202-MSK-OES

CONSUMER CRUSADE, INC., a Colorado corporation,

    Plaintiff,

v.

VACATION SHOWROOM, INC., a Florida corporation,
Its Officer(s) and Director(s), and
DEBORAH A. WALTERS,

    Defendants.

_____

**ORDER STAYING ACTION**
_____

**THIS MATTER** comes before the Court *sua sponte*.

The Plaintiff, a Colorado corporation, contends that the Defendants have violated the Telephone Consumer Privacy Act, 42 U.S.C. § 227(b) ("TCPA"), by sending unsolicited advertisements by fax. That Act provides that " It shall be unlawful for any person within the United States . . . to use any telephone facsimile machine, computer, or other device to send, to a telephone facsimile machine, an unsolicited advertisement." 47 U.S.C. § 227(b)(1)(C). The Plaintiff does not claim to have received any unsolicited fax transmissions itself; rather, it alleges that it "has been assigned claims based upon those violations from numerous Colorado residents and businesses."

In similar cases in the District of Colorado, judges have discerned at least two jurisdictional impediments to cases such as these. In *US Fax Law Center, Inc. v. IHire, Inc.,* D.C.

1

Colo. case no. 04-cv-00344-LTB-CBS (slip op. Mar. 28, 2005), Chief Judge Babcock found that, under Colorado law, because TCPA claims are "privacy claims [that] cannot be assigned." In so finding, Chief Judge Babcock held that the plaintiff, a corporation acting solely as an assignee, lacked standing to bring the TCPA claims in its own name.

In *Consumer Crusade, Inc. v. Fairon and Assocs., Inc.*, D.C. Colo. case no. 05-cv-00853-PSF-MJW (slip op. July 28, 2005), Judge Figa found that the TCPA reflects a Congressional intent to rest jurisdiction over private TCPA claims exclusively in state court, notwithstanding situations in which diversity jurisdiction under 28 U.S.C. § 1332 might otherwise be available. Thus, Judge Figa held that the TCPA "precludes a private cause of action under it in federal court under either federal question or diversity jurisdiction." *Citing Gottlieb v. Carnival Corp.*, 367 F.Supp.2d 301, 307-09 (E.D.N.Y. 2005).

This Court finds the reasoning of both cases persuasive, and would ordinarily issue an Order to Show Cause why this action should not be dismissed for lack of subject matter jurisdiction. However, both cases present issues of first impression that are presently on appeal to the Tenth Circuit. Thus, it would be inefficient for the Court to require the Plaintiff here to show cause, and to potentially issue an order dismissing the action for lack of subject matter jurisdiction, only to vacate such an order should the Tenth Circuit reverse both Chief Judge Babcock and Judge Figa. Accordingly, the Court will stay this action in all respects, pending rulings by the Tenth Circuit on the substantive questions presented in <u>both</u> *IHire* and *Fairon*.[1]

---

[1] Should the Tenth Circuit decide these substantive issues on the merits in a case prior to ruling on *IHire* or *Fairon*, this Court will lift the stay without awaiting rulings on these two particular cases.

For these reasons, this action is **STAYED** in all respects pending further Order of this Court. The parties shall advise the Court, in writing, promptly upon the Tenth Circuit's determination of the two issues presented. The pending Motion for Default Judgment **(# 5)** is **DENIED** without prejudice to refiling upon the lifting of the stay.

Dated this 7th day of October, 2005

                                                 **BY THE COURT:**

                                                 Marcia S. Krieger
                                                 United States District Judge